http://www.va.gov/vetapp16/Files6/1644947.txt

Citation Nr: 1644947 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 10-23 440 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Service connection for a right wrist disorder. 

2. Entitlement to a higher initial disability rating (or evaluation) in excess of 10 percent for the service-connected lumbar strain. 

3. Entitlement to a total disability rating based in individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Appellant represented by: Texas Veterans Commission

ATTORNEY FOR THE BOARD

J. Ragheb, Associate Counsel

INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from October 1976 to January 1979. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2010 (right wrist and TDIU) and February 2013 (lumbar strain) rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Board has reviewed both the Veterans Benefits Management System (VBMS) and "Virtual VA" files so as to ensure a total review of the evidence. 

In September 2014, the Board remanded the issue on appeal to the Agency of Original Jurisdiction (AOJ) in order to obtain VA treatment records and Social Security Administration (SSA) records, as well as provide the Veteran with a VA examination. Because the above-referenced development has been completed, the Board finds that the AOJ substantially complied with the September 2014 Board remand directives. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (Fed. Cir. 2002). 

The appeal is REMANDED to the AOJ. 

REMAND

 Videoconference Board Hearing

A remand is required in this case to ensure that the Veteran is provided with a Board hearing via videoconference, before a Veterans Law Judge (videoconference hearing). The June 2010 and March 2014 VA Forms 9 show that the Veteran declined a Board hearing. In a January 2015 statement, the Veteran requested a videoconference Board hearing at the RO. See also February 2015 Veteran statement; February 2015 representative statement. To ensure due process, a videoconference hearing should be rescheduled, based on the earliest availability, and the Veteran and representative should be notified of the time and place of the hearing. Because videoconference hearings are scheduled by the RO, the Board is remanding the appeal for that purpose. See 38 C.F.R. § 20.704(a) (2015); see also 38 C.F.R. § 20.700 (2015) (a hearing on appeal will be granted if an appellant expresses a desire to appear in person).

Accordingly, the case is REMANDED for the following action:

Schedule a videoconference Board hearing before a Veterans Law Judge in connection with this appeal. A copy of the notice to the Veteran of the scheduling of the hearing should be placed in the record. After the hearing is conducted, or in the event the Veteran cancels the hearing or fails to report, the case should be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
J. PARKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).